# STATE OF NORTH CAROLINA

JOHNSTON County

File No. 22 CVS 002712

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
ZIPPY EXPRESS, LLC

**Address**
c/o Meynardie & Nanney, 5700 Six Forks Road, Suite 201

**City, State, Zip**
Raleigh, NC 27609

**VERSUS**

**Name Of Defendant(s)**
UTICA MUTUAL INSURANCE COMPANY,

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
UTICA MUTUAL INSURANCE COMPANY
c/o Kristen H. Martin, President
180 Genesee Street
New Hartford, NY 13413

**Name And Address Of Defendant 2**

ORIGINAL
CLERK OF SUPERIOR COURT

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
Joseph H. Nanney, Jr.
Meynardie & Nanney, PLLC
5700 Six Forks Road, Suite 201
Raleigh, NC 27609

Date Issued: 8-12-22
Time: 10:56 ☒ AM ☐ PM
Signature: /s/ Carmen Anderson
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement
Time ☐ AM ☐ PM
Signature
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                                  FILED     SUPERIOR COURT DIVISION

JOHNSTON COUNTY

2022 AUG 12 A 10:56

ZIPPPY EXPRESS, LLC,             JOHNSTON CO., C.S.C.

       Plaintiff,                    BY

                                         )    **COMPLAINT FOR DECLARATORY**
v.                                    )              **JUDGMENT**
                                         )                (Compl)
UTICA MUTUAL INSURANCE        )
COMPANY,                             )
                                         )
       Defendant.                  )
                                         )

Plaintiff Zippy Express, LLC ("Zippy Express"), by and through undersigned counsel, complaining of Defendant Utica Mutual Insurance Company, alleges as follows:

## INTRODUCTION

1.       This is an action for declaratory judgment. Plaintiff Zippy Express seeks a declaration that Defendant's insurance policy covers certain property damage to the full extent of the damage pursuant to the terms of the policy Defendant issued.

## THE PARTIES

2.       Plaintiff Zippy Express is a North Carolina limited liability company with its principal place of business in Johnston County, North Carolina.

3.       Upon information and belief, Defendant Utica Mutual Insurance Company is a foreign insurance company licensed to do business in North Carolina.

## JURISDICTION AND VENUE

4. The North Carolina General Courts of Justice, Superior Court Division, have subject matter jurisdiction over Plaintiff's claims against Defendant under North Carolina General Statutes 7A-240, and 7A-243 because the amount in controversy is in excess of $25,000.

5. This Court has personal jurisdiction over Defendant under North Carolina General Statute § 1-75.4 because the Defendant is engaged in substantial activity in this State in that it regularly conducts business here.

6. Venue for this action lies in Johnston County under North Carolina General Statutes §§ 1-79 and 1-82 because Zippy Express has its principal place of business in Johnston County, and Plaintiff suffered its injuries in Johnston County.

7. This Court has jurisdiction over the subject matter and persons of all parties to this action, and venue is proper in Johnston County, North Carolina.

8. Plaintiff has filed these claims against Defendant within all applicable statutes of limitation and repose, and all conditions precedent to Plaintiff bringing these claims have been performed or have occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Zippy Express owns a parcel of real property in Johnston County on which a convenience store is located, including gas pumps (the "Property").

10. On or about August 21, 2021, Defendant issued a policy of insurance to Zippy Express that covers the Property until and through August 21, 2022 (the "Policy").

11. The Property includes a large tower on which gas prices are displayed ("the Structure"). The Structure stands some 30 feet tall. It is permanently anchored to the ground by concrete, rebar, and large metal bolts.

12. On or about June 17, 2022, during a severe weather event, strong winds destroyed the Structure.

13. Zippy Express obtained a quote to replace the Structure.

14. The quote is for $95,817.32.

15. Defendant has paid $10,000 towards the price of replacing the Structure, but refuses to pay anything further, contending that the policy only covers $10,000 for damage to signs.

## COUNT 1: DECLARATORY JUDGMENT

16. The allegations of the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

17. Zippy Express pleads the terms conditions contained within the Policy as if fully set forth herein.

18. A real and justiciable controversy exists between the parties regarding the rights and obligations of the parties, and duties of Defendant to pay for the property damage suffered by Zippy Express.

19. This Court is vested with the power to declare the rights, obligations, and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

20. Zippy Express seeks a declaration that the property damage to the Structure is within the coverage of the Policy, including the full cost or replacing the destroyed Structure.

21. The Policy provides coverage for "Buildings."

22. The Policy defines "Buildings" to include "buildings and structures at the premises described in the Declarations, including: ... Fixtures, including outdoor fixtures."

23. "A fixture has been defined as that which, though originally a movable chattel, is, by reason of its annexation to land, or association in the use of land, regarded as part of the land, partaking of its character." *Burek v. Mancuso*, 189 N.C. App 209 (2008).

24. Pursuant to the terms of the Policy, the Structure is a fixture, and therefore insured under the Policy as an insured Building.

25. Zippy Express is entitled to a declaration that Defendant is obligated to pay the full replacement value of the Structure as part of the insured Buildings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zippy Express, LLC prays the Court for the following relief:

1. That the Court declare that the Structure is a covered Building under the terms of the Policy and Defendant is obligated to pay the full replacement cost of the Structure;

2. That all costs of this action be taxed against Defendant, including a reasonable attorneys' fee if permitted by law; and

3. For such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 10TH day of August, 2022.

MEYNARDIE & NANNEY, PLLC

/s/ Joseph H. Nanney, Jr.

Joseph H. Nanney, Jr.
N.C. Bar No. 18355
5700 Six Forks Road, Suite 201
Raleigh, NC 27609
Telephone No.: (919) 747-7374
Facsimile No.: (919) 324-6590
*Counsel for Plaintiff*